UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICIA MARIE MARTINEZ,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>DEBORAH SANCHEZ; et al.,<br><br>　　　　　　　Defendants. | No. 2:25-cv-02118-TLN-SCR<br><br>**ORDER** |

　　　　This matter is before the Court on Plaintiff Felicia Marie Martinez's ("Plaintiff") Emergency Motion for Temporary Restraining Order. (ECF No. 1.) For the reasons set forth below, the Court DENIES Plaintiff's Emergency Motion for Temporary Restraining Order.

///
///
///
///
///
///
///

1

## I. Factual and Procedural Background

Plaintiff filed this Emergency Motion for a Temporary Restraining Order, as well as a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983, on July 29, 2025. (ECF No. 1.) Plaintiff brings this action against Defendants Deborah Sanchez, Patrick Withrow, Hon. Katy E. Jacot, and Mark A. Thiel ("Defendants"). (*Id.*)

Plaintiff asks this Court to prevent Plaintiff from being evicted from a property located at 1600 Sunnyside Avenue, Stockton, California 95205. (*Id.* at 5.) Plaintiff states the eviction will cause irreparable harm to Plaintiff, her elderly dependent, and three minor children. (*Id.*) Plaintiff argues she "has not been properly served with notice per state and federal law." (*Id.*) Plaintiff claims a "[v]iolation of constitutional due process rights under 42 U.S.C. § 1983." (*Id.* at 5.) It appears Plaintiff received notice that she must vacate the premises by July 31, 2025. (*Id.* at 32.) Plaintiff's filing further suggests there is a related unlawful detainer case before the San Joaquin County Superior Court of California.[1] (*Id.* at 9.)

## II. Standard of Law

The purpose of a temporary restraining order ("TRO") is to preserve the status quo until a full hearing can be conducted. *See* Fed. R. Civ. P. 65. In general, "[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions." *Aiello v. One West Bank*, No. 2:10-cv-0227-GEB-EFB, 2010 WL 406092, at *1 (E.D. Cal. Jan. 29, 2010) (internal citations omitted).

For both a TRO and a preliminary injunction, a plaintiff must establish: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff must "make a showing on all four prongs" of the test set out in *Winter*. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In evaluating a plaintiff's motion, a

---

[1] The Court notes it is unclear given the related unlawful detainer action whether this Court has jurisdiction over Plaintiff's claims in this case. *See Lawson-King v. Neighbor to Neighbor Homes, LLC*, No. 2:25-CV-01299-DC-CKD (PS), 2025 WL 1344423, at *1 n.1 (E.D. Cal. May 7, 2025).

2

court may weigh the plaintiff's showings on the *Winter* elements using a sliding-scale approach. *Id.* If serious questions going to the merits and a balance of the hardships "tip[] sharply towards the plaintiff," a TRO is appropriate so long as the plaintiff can also show a likelihood of irreparable injury and that the injunction is in the public interest. *Id.* at 1134–35.

### III. ANALYSIS

The Court is unable to grant Plaintiff's request for relief for reasons both procedural and substantive.

Plaintiff has not complied with the requirements of Federal Rule of Civil Procedure 65(b)(1) or Local Rule 231, which both govern applications for TROs. Courts regularly deny TROs where the movant fails to comply with procedural requirements, including where the movant is a *pro se* plaintiff. *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

Local Rule 231(a) requires "actual notice to the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts made to provide notice." E.D. Cal. L. R. 231(a) (Jan. 1, 2025) (citing Fed. R. Civ. P. 65(b)). "Appropriate notice would inform the affected party and/or counsel of the intention to seek a temporary restraining order, the date and time for hearing to be requested of the Court, and the nature of the relief to be requested." *Id.* Plaintiff's filing contains no indication that she provided actual notice to Defendants or made efforts to provide such notice. (*See generally* ECF No. 1.) Nor has Plaintiff shown good cause why notice should not be given. E.D. Cal. L. R. 231(c)(5). Plaintiff has not complied with the notice requirement, and in the absence of extraordinary circumstances to warrant alleviating Plaintiff from this requirement, the Court cannot issue a TRO. E.D. Cal. L. R. 231(a).[2]

Plaintiff also fails to demonstrate that she is likely to succeed on the merits of any claim as required for a TRO to issue. Plaintiff's motion does not provide the Court with legal authority,

---

[2] While the Court denies Plaintiff's motion only on the grounds discussed herein, the Court notes the Local Rules contain additional procedural requirements should Plaintiff seek to re-file. The Local Rules are available on the Court's website at:
https://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/.

argument, or evidence supporting her claims. While Plaintiff's motion contains several documents including copies of notices, correspondence, and filings from proceedings before the San Joaquin County Superior Court of California, the Court is unable to discern how these documents support Plaintiff's motion.

### IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Emergency Motion for Temporary Restraining Order is DENIED.

IT IS SO ORDERED.

Date: July 30, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE