UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICIA MARIE MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>DEBORAH SANCHEZ; et al.,<br><br>Defendants. | No. 2:25-cv-02118-TLN-SCR<br><br>**ORDER** |

   This matter is before the Court on Plaintiff Felicia Marie Martinez's ("Plaintiff") Reconsideration of Emergency Motion for Temporary Restraining Order. (ECF No. 4.) The Court construes Plaintiff's filing to be a motion for reconsideration. No opposition has been filed. For the reasons set forth below, the Court DENIES Plaintiff's Motion for Reconsideration.

   Plaintiff filed an Emergency Motion for a Temporary Restraining Order, as well as a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983, on July 29, 2025. (ECF No. 1.) The Court need not recount the underlying allegations here as they are set forth in the Court's prior Order. (ECF No. 3.) On July 30, 2025, the Court denied Plaintiff's Motion for a Temporary Restraining Order. (*Id.*) Later that same day, Plaintiff filed the instant motion for reconsideration. (ECF No. 4.)

1

1    The Court may grant reconsideration under either Federal Rule of Civil Procedure
2    ("Rule") 59(e) or 60(b).  *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995).  A
3    motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the
4    entry of judgment.  Fed. R. Civ. P. 59(e).  Therefore, a "motion for reconsideration" is treated as a
5    motion to alter or amend judgment under Rule 59(e) if it is filed within 28 days of entry of
6    judgment; otherwise, it is treated as a Rule 60(b) motion for relief from judgment or order.
7    *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016); *see Am. Ironworks & Erectors, Inc. v. N.*
8    *Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).  Because Plaintiff filed the instant
9    motion within 28 days of the subject Order, the Court treats Plaintiff's motion for consideration
10   as a motion to alter or amend judgment under Rule 59(e).

11   "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly
12   unusual circumstances, unless the district court is presented with newly discovered evidence,
13   committed clear error, or if there is an intervening change in the controlling law."  *389 Orange St.*
14   *Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).  Local Rule 230(j)
15   requires that a motion for reconsideration state "what new or different facts or circumstances are
16   claimed to exist which did not exist or were not shown upon such prior motion, or what other
17   grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time
18   of the prior motion."  E.D. Cal. L.R. 230(j)(3)–(4) (Jan. 1, 2025).

19   Plaintiff does not articulate a basis that would allow the Court to reconsider its prior order.
20   Plaintiff does not present new or different facts, changes in law, or any other grounds that could
21   support her request for reconsideration.  Instead, Plaintiff seeks reconsideration of the Court's
22   July 30, 2025 Order for the same reason Plaintiff sought a temporary restraining order.  (ECF No.
23   4 at 6.)  Plaintiff discusses the four factors that courts consider in evaluating a request for a
24   temporary restraining order: likelihood of success on the merits, irreparable harm, balance of
25   equities, and public interest.  (*Id.* at 3–7; *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20
26   (2008).)  However, a motion for reconsideration must be based on new information, not
27   arguments that were or could have been previously raised.  *Kona Enters., Inc. v. Estate of Bishop*,
28   229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may *not* be used to raise arguments or

1 present evidence for the first time when they could reasonably have been raised earlier.");

2 *Costello v. U.S. Gov't*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991) (noting courts avoid

3 considering Rule 59(e) motions based on "repetitive contentions of matters which were before the

4 court on its prior consideration or contentions which might have been raised prior to the

5 challenged judgment.").

6 Moreover, there is still no indication that Plaintiff provided actual notice to any defendant

7 of her request for a temporary restraining order or made efforts to provide such notice. (*See*

8 *generally* ECF No. 4.) Nor has Plaintiff shown good cause why notice should not be given. The

9 Court cannot assume any defendant received notice through CM/ECF Notice of Electronic Filing

10 because no named defendant has appeared in this matter. As the Court previously explained, in

11 the absence of extraordinary circumstances to warrant alleviating Plaintiff from the requirement

12 that she provide notice to Defendants, the Court cannot issue a TRO.[1] (ECF No. 3 at 3.)

13 For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. This matter

14 is referred to the assigned magistrate judge for further proceedings.

15 IT IS SO ORDERED.

16 Date: July 31, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] It continues to remain unclear whether this Court has jurisdiction over Plaintiff's claims given the related unlawful detainer action. *See Lawson-King v. Neighbor to Neighbor Homes, LLC*, No. 2:25-CV-01299-DC-CKD (PS), 2025 WL 1344423, at *1 n.1 (E.D. Cal. May 7, 2025).

3