UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FELICIA MARIE MARTINEZ,

Plaintiff,

v.

DEBORAH SANCHEZ, et al.,

Defendants.

No.  2:25-cv-02118-TLN-SCR

ORDER

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") and submitted a declaration including a statement of income and assets and averring she is unable to pay the costs of this proceeding.  ECF No. 2.  The motion to proceed IFP will therefore be granted.  However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

I.  SCREENING

A.    Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Erickson*, 551 U.S. at 94.  However, the court need not accept as true legal conclusions, even if cast as factual allegations.  *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B.    The Complaint

Plaintiff filed as a complaint and request for temporary restraining order (TRO) a thirty-seven page mishmash of documents. ECF No. 1. Plaintiff appears on several pages to have submitted photos of documents, which are only partially legible. *See for example*, ECF No. 1 at 2, 6, 11-13, 16. It appears the intended Defendants are: 1) Deborah Sanchez, a landlord; 2) Patrick Withrow, a sheriff; 3) Hon. Katy E. Jacob, the judge who issued a writ; and 4) Mark Thiel, an attorney.[1] ECF No. 1 at 5. Plaintiff alleges a violation of due process under 42 U.S.C. § 1983 and claims her eviction violates the Fourteenth Amendment. ECF No. 1 at 5. The entirety of the relief requested is unclear from the various documents Plaintiff has submitted as her Complaint. Plaintiff seeks injunctive relief to prevent her eviction, but it is uncertain whether she seeks other relief. The motion for temporary restraining order ("TRO") was denied. ECF No. 3.

C.    Analysis

The assortment of photos and documents Plaintiff has submitted as her complaint do not comply with Federal Rules of Civil Procedure 8 and 10. Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10 governs the proper form of pleadings. It appears jurisdiction is premised on federal question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983. Plaintiff alleges a violation of due process concerning her eviction procedure in state court.

The elements of a claim under § 1983 are: 1) that the defendants were acting under color

---

[1] The caption includes attorney Mark Thiel as a Defendant, but the "parties" section of the complaint does not list him. ECF No. 1 at 5.

3

of state law; and 2) that defendants deprived plaintiff of rights secured by the Constitution or federal statutes. *See Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). It is not clearly alleged that Defendant Sanchez, who is Plaintiff's landlord, or attorney Thiel, are state actors.

As to Defendant Judge Jacob, judges generally have absolute immunity for judicial acts taken within the jurisdiction of their courts. *See Lund v. Cowan*, 5 F.4th 964, 970 (9th Cir. 2021) ("It is well settled that judges are generally immune from suit for money damages."). This immunity applies unless a judge "acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). This immunity also applies even when a judge is accused of acting maliciously or corruptly. *See Lund*, 5 F.4th at 972 ("[A] judicial act does not stop being a judicial act even if the judge acted with 'malice or corruption of motive.'") (citation omitted). It appears Judge Jacob is named because she issued legal process, the writ. ECF No. 1 at 5. Thus, she is being sued for a judicial act, and would be entitled to immunity.

Defendant Sheriff Withlow is named as a defendant for executing the writ. *Id.* The allegations of the complaint do not appear to allege that the writ was executed in an unreasonable manner. Plaintiff claims that she was not properly served with notice and that "Defendants continue to enforce eviction without federal oversight." *Id.* It is unclear why Plaintiff believes there should be federal oversight concerning her state court eviction proceedings, or what that oversight would entail. The Court agrees with Judge Nunley's assessment: "While Plaintiff's motion contains several documents including copies of notices, correspondence, and filings from proceedings before the San Joaquin County Superior Court of California, the Court is unable to discern how these documents support Plaintiff's motion." ECF No. 3 at 4.

Additionally, some of the documents that Plaintiff attaches to her complaint appear to be from a state court unlawful detainer action. *See for example*, ECF No. 1 at 9-11. If the state court entered an adverse judgment against her in that proceeding, Plaintiff cannot challenge the judgment in federal court. Federal district courts do not have jurisdiction to review final state

court judgments.  *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).  The *Rooker-Feldman* doctrine prevents "a party losing in state court … from seeking what in substance would be appellate review of the state judgment in a United States district court."  *Henrich v. Valley View Dev.*, 474 F.3d 609, 611 (9th Cir. 2009); *see also Busch v. Torres*, 905 F.Supp. 766 (C.D. Cal. 1995) (finding plaintiff's challenge to state court unlawful detainer judgment and its subsequent enforcement through writ of possession was precluded by *Rooker-Feldman*).

The Court finds the complaint does not comply with Rule 8, and fails to state a claim on which relief may be granted.  Under 28 U.S.C. § 1915(e), the Court "shall dismiss the case at any time" if it fails to state a claim on which relief may be granted.  However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  Rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege a proper basis for jurisdiction and facts supporting a cognizable cause of action.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must contain a short and plain statement of Plaintiff's claims.  The amended complaint must clearly set forth the relief requested.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court or the Defendants to guess at what is being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended

complaint should contain specific allegations as to the actions of each named defendant rather than making conclusory allegations that the defendants collectively violated plaintiff's rights.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the issues set forth herein. Plaintiff should submit the amended complaint in legible format, rather than submitting unclear photographs of documents. Plaintiff must also allege enough facts in support of her claims to state a claim to relief that is plausible on its face.!

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: February 23, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

6