UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FELICIA MARIE MARTINEZ,

Plaintiff,

v.

DEBORAH SANCHEZ, et al.,

Defendants.

No. 2:25-cv-02118-TLN-SCR

FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has previously been granted leave to proceed in forma pauperis, and the Court has screened the complaint pursuant to 28 U.S.C. § 1915. ECF No. 6. On February 23, 2026, the Court allowed Plaintiff 30 days to file an amended complaint. *Id.* at 6. Plaintiff has not done so. *Id.* The Court warned that failure to time comply with the order may result in dismissal. *Id.* The Court now recommends that the action be dismissed for the reasons stated in the prior order (ECF No. 6), and as set forth herein.

**I.      Background and Procedural History**

Plaintiff filed this action on July 29, 2025. Her complaint was styled as both a complaint and request for temporary restraining order ("TRO") to prevent her eviction. ECF No. 1. On July 30, 2025, Judge Nunley denied the request for a TRO. ECF No. 3. Later that same day, Plaintiff moved for reconsideration. ECF No. 4. That motion was also denied. ECF No. 5.

1

On February 23, 2026, the undersigned screened the complaint and found it did not comply with Rule 8 and failed to state a claim. ECF No. 6 at 5. The Court allowed Plaintiff 30 days to file an amended complaint. That time expired on March 25, 2026. Plaintiff has not filed an amended complaint.

## II.     Analysis

As the Court previously stated (at ECF No. 6), the assortment of photos and documents Plaintiff submitted as her complaint do not comply with Federal Rules of Civil Procedure 8 and 10. Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10 governs the proper form of pleadings. It appears jurisdiction is premised on federal question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983. Plaintiff alleges a due process violation concerning her eviction procedure in state court.

The elements of a claim under § 1983 are: 1) that the defendants were acting under color of state law; and 2) that defendants deprived plaintiff of rights secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). Two of the defendants—Defendant Sanchez, who is Plaintiff's landlord, and attorney Thiel—are not clearly alleged to be state actors.

As to Defendant Judge Jacob, judges generally have absolute immunity for judicial acts taken within the jurisdiction of their courts. *See Lund v. Cowan*, 5 F.4th 964, 970 (9th Cir. 2021) ("It is well settled that judges are generally immune from suit for money damages."). This immunity applies unless a judge "acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). This immunity also applies even when a judge is accused of acting maliciously or corruptly. *See Lund*, 5 F.4th at 972 ("[A] judicial act does not stop being a judicial act even if the judge acted with 'malice or corruption of motive.'" (citation omitted)). It appears Judge Jacob is named because she issued legal process—specifically, a writ. ECF No. 1 at 5. Thus, she is being sued for a judicial act, and would be entitled to immunity.

Defendant Sheriff Withlow is named as a defendant for executing the writ. *Id.* The allegations of the complaint do not appear to claim that the writ was executed in an unreasonable manner. Plaintiff claims that she was not properly served with notice and that "Defendants continue to enforce eviction without federal oversight." *Id.* However, there is no general oversight of state court eviction proceedings. Moreover, as Judge Nunley found, "While Plaintiff's motion contains several documents including copies of notices, correspondence, and filings from proceedings before the San Joaquin County Superior Court of California, the Court is unable to discern how these documents support Plaintiff's motion." ECF No. 3 at 4.

Additionally, some of the documents that Plaintiff attaches to her complaint appear to be from a state court unlawful detainer action. *See, e.g.,* ECF No. 1 at 9-11. If the state court entered an adverse judgment against her in that proceeding, Plaintiff cannot challenge the judgment in federal court. Federal district courts do not have jurisdiction to review final state court judgments. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine prevents "a party losing in state court … from seeking what in substance would be appellate review of the state judgment in a United States district court." *Henrich v. Valley View Dev.*, 474 F.3d 609, 611 (9th Cir. 2009); *see also Busch v. Torres*, 905 F.Supp. 766 (C.D. Cal. 1995) (finding plaintiff's challenge to state court unlawful detainer judgment and its subsequent enforcement through writ of possession was precluded by *Rooker-Feldman*).

The Court finds the complaint does not comply with Rule 8, and fails to state a claim on which relief may be granted. Under 28 U.S.C. § 1915(e), the Court "shall dismiss the case at any time" if it fails to state a claim on which relief may be granted. The Court allowed Plaintiff an opportunity to amend, and she failed to do so.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's complaint be dismissed for failure to comply with Rule 8 and failure to state a claim as set forth in the Court's screening order (ECF No. 6); and

2. The Clerk be directed to enter Judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen days**

**after being served** with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 7, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE